**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| REGINALD PRYSOCK, | : | Civil No.: 08-5116 (JBS) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| UNITED STATES PAROLE COMMISSION, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    REGINALD PRYSOCK, Petitioner <u>Pro</u> <u>Se</u>
    #11207-007
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

    IRENE E. DOWDY, AUSA
    OFFICE OF THE U.S. ATTORNEY
    401 Market Street, P.O. Box 2098
    Camden, New Jersey 08101
    Counsel for Respondents

**SIMANDLE**, District Judge

    Petitioner, Reginald Prysock ("Prysock"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asking the Court to direct the United States Parole Commission ("USPC") to conduct a new parole hearing for him under an earlier version of the guidelines issued by the District of Columbia Board of Parole ("D.C. Board"), pursuant to <u>Sellmon v. Reilly</u>, 551 F. Supp.2d 66 (D.D.C. 2008).  Respondents answered

the petition on January 13, 2010. (Docket Entry No. 5). Prysock has not filed any traverse or objections to Respondents' answer.

## I. BACKGROUND

Prysock was convicted and sentenced on June 9, 1998, by the District of Columbia Superior Court, for assault with intent to commit robbery while armed, aggravated assault while armed, assault with intent to kill while armed, and carrying a pistol without a license. These offenses violated various provisions of the District of Columbia Criminal Code. All offenses were committed on or about March 30, 1996. Prysock was sentenced to an aggregate term of 17 years in prison. (Respondents' Answer, Certificate of Sharon Gervasoni at Exhibit USPC-1).

The USPC held an initial parole hearing March 3, 2005. The USPC denied parole and ordered a three-year set-off to a reconsideration hearing until March 2008. (Petitioner's Exhibit A). On February 14, 2008, the USPC held another parole hearing and again denied Prysock parole, ordering a reconsideration hearing in three years. (Pet. Ex. B).

On September 3, 2009, the USPC reconsidered Prysock for parole pursuant to an interim rule published at 74 Fed. Reg. 34688 (July 17, 2009), which was implemented pursuant to the decision in Sellmon v. Reilly, 551 F. Supp.2d 66 (D.D.C. 2008), recon. denied, 561 F. Supp.2d 46 (D.D.C. 2008). At the September 3d hearing, the USPC applied the D.C. Board's 1987 guidelines and

found that Prysock's point score was zero points, which indicated that parole should be granted in the ordinary case. Accordingly, the USPC ordered parole effective May 30, 2010, after Prysock serves 149 months. (Resp. Ex. USPC-2).

## II.   DISCUSSION

A.   Standard of Review

Prysock seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1]  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-   (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

3

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Applicable Regulations

The District of Columbia Board of Parole promulgated parole regulations for use in 1985.  Those parole regulations were not published formally in the District of Columbia Municipal Register until 1987 (the "1987 guideline").  Effective August 5, 1998, jurisdiction to make parole decisions for D.C. Code offenders was transferred to the USPC, pursuant to D.C. Code § 24-13(a).  The USPC promulgated parole policy guidelines to implement its new duties.  See 28 C.F.R. § 2.80, 63 Fed. Reg. 39172 (July 21, 1998).  These parole policy guidelines were later amended in 2000.  See 65 Fed. Reg. 45885 (July 26, 2000).

However, in 2006, several D.C. offenders, including Tony R. Sellmon, filed an action in the United States District Court for the District of Columbia, challenging the application of the USPC guidelines to them.  All of the litigants had been convicted and sentenced at various times before August 5, 1998.  In May 2008, the District Court held that application of the USPC regulations to those D.C. offenders who had committed their offenses during the time period that the D.C. Board's guidelines were in effect (i.e., March 4, 1985 to August 4, 1998), violated the ex post facto clause of the U.S. Constitution.  Sellmon v. Reilly, 551 F.

4

Supp.2d 66 (D.D.C. 2008), recon. denied, 561 F. Supp.2d 46 (D.D.C. 2008).

On July 17, 2009, the USPC published an interim rule to implement the Sellmon decision.  See 74 Fed. Reg. 34688 (July 17, 2009).  Under the Sellmon rule, as it was called, the USPC undertook to provide new parole hearings for D.C. Code offenders who had committed their crimes between March 4, 1985 and August 4, 1998, and to use the 1987 guidelines of the D.C. Board in conducting those parole hearings.  Id.

C.  Petition is Moot

Because the date of Prysock's offenses is March 30, 1996, Prysock falls into the group of D.C. offenders who were entitled to have new parole hearings pursuant to the Sellmon rule. Accordingly, on September 3, 2009, a new parole hearing was conducted during which the USPC properly applied the 1987 D.C. Board guidelines to his case.  Pursuant to a Notice of Action issued October 24, 2009, the USPC granted Prysock parole effective May 30, 2010, after service of 149 months of his prison term.  (Resp. Ex. USPC-2).

Prysock brought this habeas petition before the Sellmon rule was published, asking that the Court direct the USPC to reconsider his parole under the "1991 Policy Guidelines" for the D.C. Board.  However, the USPC points out in its answer to the petition that the "1991 Guidelines" referenced by petitioner were

5

never promulgated as a formal rule, but instead, were more akin to an "internal manual" that provided definitions for various terms used in the 1987 guidelines and regulations.  In fact, in 1995, the D.C. Board issued a 1995 Policy Guideline that superseded the 1991 Guidelines, and the 1991 guidelines were no longer being used.

Accordingly, the USPC argues that the petition is now moot because the USPC has considered Prysock for parole under the 1987 guidelines and has ordered his release effective May 30, 2010.

This Court agrees.  Prysock asked that the USPC consider his application for parole in light of the Sellmon decision, which the USPC has done.  Prysock simply sought a new hearing on his parole release date, and a new hearing was held on September 3, 2009, using the 1987 D.C. Board guidelines in effect at the time of Prysock's offenses.  Prysock is scheduled to be released on parole on May 30, 2010.

Generally, a case becomes moot when the issues presented no longer present a live controversy or the parties lack a cognizable interest in the outcome.  See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001); Spencer v. Kemna, 118 S.Ct. 978, 983 (1998); Powell v. McCormack, 395 U.S. 486 (1969).  Since the only claim in this matter seeks a new parole hearing pursuant to the Sellmon decision, and Prysock received such a hearing in September 2009, applying the D.C.

6

Board guidelines in effect at that time, and was granted prole effective May 30, 2010, Prysock's petition is rendered moot, and the petition should be dismissed accordingly for lack of jurisdiction.  See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).  Furthermore, Prysock has not replied to the USPC's answer, received in January 2010, suggesting that he does not take issue with the USPC's decision to grant parole effective May 30, 2010.

Therefore, the Court will dismiss this habeas petition as moot.

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed as moot.  An appropriate Order accompanies this Opinion.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **May 6, 2010**